28 C.C.P.A.(Patents)

## In re MINK.
### Patent Appeal No. 4361.

Court of Customs and Patent Appeals.
Jan. 6, 1941.

See, also, 107 F.2d 586.

Norbert E. Birch, of Washington, D. C. (R. G. Story, of Beacon, N. Y., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting all of the claims 1, 2, 3, 6, 7, 8, 9, 10, 15 and 16 of appellant's application for a patent for alleged new and useful improvements in ice cream.

The examiner rejected all of the claims as lacking invention over the cited prior art and also rejected claims 1, 2, 6, 8, 9, 10 and 16 as being aggregative. The Board of Appeals in its decision did not agree that process claim 9 was aggregative.

Claims 1, 8 and 9 are illustrative of the subject matter involved and read as follows:

"1. As an article of manufacture, a new food product composed of ice cream containing a small percentage of egg yolk to which has been added an ester of a polyhydric alcohol and a higher fatty acid being characterized by one or more free alcoholic hydroxyl groups in the polyhydric alcohol part of the ester."

"8. As an article of manufacture, a new food product composed of ice cream containing a small percentage of egg yolk to which has been added monoacid ester of a higher fatty acid and glycerol.

"9. The process of manufacturing ice cream which comprises adding thereto egg yolk containing a small percentage of a monoacid ester of a higher fatty acid and glycerol."

The references cited are: Harris et al., 2,026,631, January 7, 1936; Harris et al., 2,039,409, May 5, 1936; Roth et al., 2,065,398, December 22, 1936.

Appellant's application relates to a method of preparing ice cream and to the product. The claimed invention is described in the decision of the Board of Appeals as follows: "* * * A hydrophilic ester also known as hydrophilic lipins of certain designated type or scope, is added to egg yolks and thoroughly incorporated therewith, with or without sugar and then this prepared egg material is employed in making up the ice cream mixture. The esters or lipins that may be employed are indicated as to scope in claims 1 and 8 of the claims on appeal. An essential feature is that at least one hydroxyl radical be retained by the polyhydric alcohol."

The patent to Roth et al. relates to the method of making ice cream and the resultant product. In the specification it is stated: "* * * To secure a velvety texture in the finished product, it is desirable in the manufacture of ice cream to incorporate such agents as gelatin, egg yolk or lecithin to cause the formation of finer ice crystals than would be formed in the absence of such agents."

The same patent points out that with the use of such agents it is "difficult to control the amount of overrun and at times difficult to obtain as much overrun as is necessary to secure the best texture in the finished product." The overrun is determined by comparing the weight of a fixed volume of the frozen ice cream to the weight of a fixed volume of the mix before freezing.

It is stated in the patent that the texture of the product is improved and a con-

trolled overrun obtained in a shorter time by the incorporation in the mix of an ester of fatty acid and polyhydric alcohol having one or more free alcoholic hydroxyl groups on the polyhydric alcohol component of the ester. Specifically, the substance added to the mix may be mono acid glyceride, di acid glyceride, mono acid ester of ethylene glycol, mono acid ester of di ethylene glycol, or any ester of polyhydric alcohol and fatty acids characterized by having one or more free alcoholic hydroxyl groups.

It is said in the patent that the use of egg yolks has long been known to give smoothness to ice cream and that when added to ice cream the overrun is obtained in less time and is greater than when obtained by the use of gelatin or gum alone. The patent also states that:

"We have found that the use of mono or di acid glyceride renders the use of egg yolk unnecessary. We have made tests using gelatin as a stabilizer in control mixes which have given maximum overruns of about 90%. With the addition of a very small amount of mono or di acid glyceride we have obtained overruns as high as 117% without the use of egg yolks.

"In practice we have successfully secured an overrun of 100% in six minutes by the addition of mono glyceride. A control sample to which no mono acid glyceride was added showed an overrun of 91% at the end of six minutes and an overrun of 100% was not secured until twelve minutes had elapsed."

Each of the Harris et al. references discloses that in the making of cake batters hydrophilic esters of the same type disclosed in the present application are used. A liquid emulsion of egg material (the invention contemplates the use of yolks alone as well as whole eggs or whites or mixtures thereof) and hydrophilic lipin may be added to the other materials after the emulsion has been mixed.

It is clear that in the making of ice cream the use alone of egg yolks or acids and esters, such as those disclosed in the application, is old in the art. It is also clear, as seen in the Roth et al. patent, that either egg yolk or hydrophilic esters as disclosed in the application have the property of causing ice cream made with either substance to be smoother in texture and resulting in a greater overrun. While it is true that this patent points out that the use of egg yolk is unnecessary to produce a substantial overrun when mono or di acid glyceride is used, we are of opinion that the patent does not negative the use of egg yolk, as contended by appellant. The use of egg yolk being termed "unnecessary" does not mean that it cannot or should not be used. The very fact that the patent states the good qualities of this substance indicates, we think, that it may be added to the ice cream ingredients of the Roth et al. patent when a richer ice cream is desired.

If the patents to Harris et al. specifically pointed out that the use of their hydrophilic esters in cake batters were applicable to the making of ice cream it would appear that the claims of appellant would have been fully anticipated. From a careful examination of these patents we agree with the Board of Appeals in its statement that: "Each of these patents [Harris et al.] even further suggests that the dispersing agent or ester may . be specifically added to the egg material including the egg yolk before adding this premixed composition to the rest of the cake batter containing the usual cake making materials."

Certain materials used in the making of cake and certain materials used in the making of ice cream are substantially the same and it appears to us that the application of the disclosure of the Harris et al. patents in the cake making art to the making of ice cream as shown by the Roth et al. patent would be obvious to one skilled in either art, and would result in a product identical with that claimed herein.

An affidavit filed on behalf of appellant is in the record. It describes certain tests and sets out the results thereof. The Board of Appeals properly disposed of the affidavit in the following language: "We have carefully considered the showing of comparative tests presented in the form of an affidavit of record. While some improved result appears to be shown where the hydrophilic ester is premixed with the egg material in comparison with mixing it in general in the composition, still we are not convinced that the claims should be allowed over this prior state of the art. It is not shown to the contrary and probably it would be true, that the same result might be secured by premixing the hydrophilic ester with any of the other particular ingredients in line with the suggestion of Harris et al. It is believed

reasonable to assume that Harris et al. secured and are a disclosure of securing this advantage in an analogous situation. The ground of rejection of each of the claims on appeal as lacking invention over Roth et al. in view of either the Harris et al. patents must be and is affirmed."

We are clearly of opinion that the rejected claims are not patentable over the prior art, and in view of our conclusion it is not necessary to discuss the question of aggregation.

The decision of the Board of Appeals is affirmed.

Affirmed.